IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:94-CR-00156-F-4
No. 5:13-CV-00579-F

| | |
|---|---|
| ANTHONY STREET,<br>    Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)   O R D E R<br>)<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-124] Anthony Street's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-119]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

**I. Factual and Procedural Background**

On November 22, 1994, Street was charged in seven counts of a fifteen-count indictment. *See* Indictment [DE-17]. In Count One, Street was charged with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Count Two charged Street with possession of a firearm in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. In Counts Three through Seven, Street was charged with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Street's arraignment was held on February 21, 1995. At his arraignment, Street pled guilty to Count One, pursuant to a written plea agreement [DE-55].

On June 1, 1995, the court held Street's sentencing hearing. The court sentenced Street to

292 months' imprisonment. *See* Judgment [DE-63]. Street did not appeal his conviction or sentence.

Street's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-119] was received by the court on August 12, 2013. In his section 2255 motion, Street argues that he is entitled to relief because his sentence was improperly enhanced pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The Government has filed a Motion to Dismiss [DE-124] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this court lacks jurisdiction.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**Street's Motion to Vacate is Time-Barred.**

A person convicted of a federal offense has one year to file a section 2255 motion, starting from the latest of the following dates:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by

2

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, Street's Judgment [DE-63] was entered on June 29, 1995, and he filed the instant section 2255 motion on August 7, 2013, at the earliest.[1] Thus, Street filed his section 2255 motion well beyond this one-year period. For this reason, Street has not shown that his motion is timely under section 2255(f)(1). Street does not allege that governmental action impeded his ability to file his section 2255 motion; thus, Street's section 2255 motion is not timely under section 2255(f)(2). Moreover, the facts supporting Street's claim were available at his June 1, 1995 sentencing hearing, and as such, his motion is not timely under section 2255(f)(4).

Street argues that his motion is timely under section 2255(f)(3) "[b]ecause *Alleyne* is a change in substantive law enacted by the US Supreme Court which should apply retroactively on

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Street dated his signature on the section 2255 motion as August 7, 2013. [DE-119] at 13.

3

collateral review." [DE-119] at 12. The Supreme Court has not held that *Alleyne* established a new right that is retroactively applicable to cases on collateral review. *See United States v. Stewart*, 540 Fed. Appx. 171, 172 n.1 (4th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Justices have decided other rules based on *Apprendi* do not apply retroactively on collateral review, which implies that the Court will not declare *Alleyne* to be retroactive). Accordingly, Street's section 2255 motion is not timely under section 2255(f)(3).

In sum, Street's 2255 motion was not filed within one year of any of the circumstances described in section 2255(f). Thus, Street's motion is time-barred.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-124] is ALLOWED and Street's section 2255 motion [DE-119] is DISMISSED. The court finds that Street has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 14 day of April, 2015.

James C. Fox
Senior United States District Judge

4

Case 5:94-cr-00156-F   Document 133   Filed 04/14/15   Page 4 of 4